[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11172
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-22432-MGC

FELTON BERNARD GREEN,

Plaintiff-Appellant,

versus

DENISE MCGILL-JOHNSTON,
Correctional Probation Specialist,
ANDRE THORNTON,
Correctional Probation Specialist,
JOHN BENNETT,
(de facto) founder, Imani Transition Ministries,
CARLA TAYLOR BENNETT,
(de facto) founder, Imani Transition Ministries,
ANDREW BUSH,
(de facto) Facility Manager, Imani Transition Ministries, et al.,

Defendants-Appellees.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 17, 2017)

Before WILSON, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Felton Bernard Green, proceeding pro se, appeals the denial of his Rule 60(b) motion for reconsideration of the dismissal of his case. On appeal, Green argues that the district court erred in denying his motion to reconsider because his § 1983 claims were not *Heck*-barred. *See Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). Green also argues that his motion to compel discovery should not have been denied.

Green's complaint alleged that, among other things, employees at Imani Transition Ministries and correctional probation specialists conspired against him to revoke his parole. He alleged that the documents showing his positive test for cocaine were fabricated and this, as well as many other procedural errors, resulted in a procedurally deficient parole revocation. A magistrate judge concluded that Green's complaint was essentially a challenge to the revocation of his parole. Because Green's allegations challenged the invalidity of his confinement and he did not show that his parole revocation had been overturned, the magistrate judge concluded that Green's claim was *Heck*-barred. The district court adopted the magistrate judge's recommendation and dismissed Green's case. Green then filed a Rule 60(b) motion for reconsideration, which the district court denied.

2

We review the denial of a Rule 60(b) motion for abuse of discretion.  *Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999).  *Heck* bars the recovery of damages for an allegedly unlawful conviction or term of imprisonment unless the conviction or term of imprisonment "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck*, 512 U.S. at 487, 114 S. Ct. at 2372.  "[W]hen a state prisoner seeks damages in a § 1983 suit [for a sentence that has not been so invalidated] the district court must consider whether a judgment in favor of the [prisoner] would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed . . . ."  *Id.*, 114 S. Ct. at 2372.

The district court did not abuse its discretion in denying Green's motion to reconsider the dismissal of his case.  Green's allegations, if proven true, would have necessarily implied the invalidity of his parole revocation for a drug violation and his resulting imprisonment.  *See id.*, 114 S. Ct. at 2372.  Because Green's allegations would imply the invalidity of his confinement, the *Heck*-bar applies and Green's § 1983 claims must be dismissed.  The district court did not abuse its discretion in denying Green's Rule 60(b) motion.  *See NW. Nat'l Ins. Co.*, 198 F.3d

3

at 1338.  Consequently, the court properly denied as moot Green's motion to compel discovery.

**AFFIRMED.**